# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>36th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>20-070461-CZ |
|---|---|---|

**Court address**
212 E. Paw Paw Street, Paw Paw, Michigan 49079

**Court telephone no.**
269-657-8200

| Plaintiff's name(s), address(es), and telephone no(s).<br>Eric Pruente | v | Defendant's name(s), address(es), and telephone no(s).<br>Van Buren County and<br>Van Buren County Treasurer |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Karie H. Boylan (P55468)
410 W. University Drive, Suite 201
Rochester, MI 48307
248-963-1228

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number 2018-068134-CH and assigned to Judge David DiStefano _____.

The action ☐ remains ☑ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/28/2020 | Expiration date*<br>12/27/2020 | Court clerk<br>Suzie Roehm |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE THIRTY SIXTH JUDICIAL CIRCUIT COURT

ERIC PRUENTE,

    Plaintiff,                                      2020-070461-CZ

v.

THE COUNTY OF VAN BUREN and the
VAN BUREN COUNTY TREASURER,

    Defendants.

_____/

KARIE H. BOYLAN (P55468)
BoylanLaw, P.C.
Attorney for Plaintiff
410 W. University Drive, Suite 201
Rochester, Michigan 48307
Phone: 248-963-1228
Fax: 248-216-1054
E-Mail: karie@boylanlaw.net

JOHN LITTLE (P63544)
Law Office of John Little, P.L.L.C.
Attorney for Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, Michigan 48067-2575
Phone: 248-865-3455
Fax: 248-857-1777
E-Mail: info@jlittlelaw.com

_____/

## COMPLAINT

There is no pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint. There was a previous tax foreclosure action regarding the property which is the subject of this Complaint before the Honorable Dave Distefano, docket number 2018-068134-CH.

Plaintiff states:

1

## PARTIES, JURISDICTION, VENUE

1. Eric Pruente an adult resident of the County of Cook, State of Illinois.

2. The County of Van Buren is a Michigan municipal corporation.

3. The Van Buren County Treasurer is an elected Michigan municipal official.

4. All transactions and occurrences giving rise to this lawsuit occurred in the County of Van Buren, State of Michigan.

5. The amount in controversy is more than $25,000.

## FACTS

6. The Van Buren County Treasurer's Office is the foreclosing governmental unit pursuant to MCL 211.78 et seq for properties in Van Buren County.

7. In 2018, the Van Buren County Treasurer filed a Petition for Foreclosure that included real property at 77498 20th Avenue, South Haven, Michigan ("subject property"). The case was assigned to the Honorable Dave Distefano, docket number 2018-068134-CH.

8. In 2019, Judge Distefano signed a Judgment of Foreclosure that included the subject property. The Judgment became final on March 31, 2019.

9. At a 2019 Van Buren County Land Sale, the Van Buren County Treasurer sold the subject property for $37,000.

10. At all relevant times, , plaintiff owned the subject property.

11. Unpaid property taxes, interest, penalties and fees owing the Van Buren County Treasurer on the day of the Land Sale Auction were less than $37,000.

12. "Surplus proceeds" is the difference between the subject property's auction price and unpaid property taxes, interest penalties and fees owed to the Van Buren County Treasurer.

13. Plaintiff is the lawful owner of the subject property's surplus proceeds.

2

14. Van Buren County and the Van Buren County Treasurer are unlawfully withholding plaintiff's surplus proceeds, either in the County's general fund or the Treasurer's designated "delinquent tax property sales proceeds for the year ___" investment account(s).

### COUNT I – Violation of Michigan Const. 1963, art 10, §2

15. Plaintiff incorporates the preceding paragraphs by reference herein.

16. Michigan's common law recognizes a former property owner's property right to collect the surplus proceeds that are realized from the tax-foreclosure sale of property, and this right is vested such that it is to remain free from unlawful governmental interference.

17. Defendants were required to return the subject property's surplus proceeds to plaintiff and defendants' failure to do so violates Michigan Const. 1963, art 10, §2.

18. Defendants' taking of plaintiff's property without just compensation proximately caused him to suffer damages including loss of the value of surplus proceeds, loss of interest income, litigation costs, attorney fees, statutory interest, and other damages.

### COUNT II – Violation of 42 U.S.C. § 1983 (5th & 14th Amendments)

19. Plaintiff incorporates the preceding paragraphs by reference herein.

20. The Fifth Amendment to the United States Constitution prohibits defendants from taking plaintiff's property without just compensation. The Amendment extends to the states under the Due Process Clause of the Fourteenth Amendment.

21. Once defendants foreclosed on the subject property, obtained title to that property, and sold it to satisfy the subject property's unpaid property taxes, interest, penalties, and fees related to the foreclosure, plaintiff had a right to be paid the surplus proceeds.

22. Defendants were acting under color of law when they deprived plaintiff of his right to be paid the surplus proceeds.

3

23. It is and has been defendants' longstanding policy, practice and custom with the force of law to retain surplus proceeds belonging to individuals whose properties were seized and sold at land sale auctions due to unpaid property taxes.

24. Defendants' policies, practices and customs were the moving force behind the unconstitutional deprivation of plaintiff's surplus proceeds.

25. Pursuant to 42 U.S.C. § 1988, in an action brought under 42 U.S.C. § 1983, the court may award the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

26. Defendants' deprivation of plaintiff's property proximately caused him to suffer damages including loss of the value of surplus proceeds, loss of interest income, litigation costs, attorney fees, statutory interest, and other damages.

WHEREFORE, Plaintiff requests judgment against defendants in an amount consistent with the damages sustained plus litigation costs, attorney fees and statutory interest.

Respectfully submitted,

/s/ _____
Karie H. Boylan (P55468)
BoylanLaw P.C.
410 W. University Drive, Suite 201
Rochester, Michigan 48307
Phone: 248-963-1228
Fax: 248-216-1054
E-Mail: karie@boylanlaw.net

Dated: September 10, 2020

TRUE COPY
SEP 2 8 2020
Van Buren County Clerk